*Eleventh Judicial District..*

# In the Court of Common Pleas of Luzerne County.

## HABERSTROH *v.* TOBY.

The holding of an inquisition upon real estate levied under a fieri facias, is a judicial act, involving the exercise of judgment and discretion. The sheriff must, therefore, perform it himself: it cannot be done by his deputy.

**Exceptions to inquisition.**

Opinion by

HARDING, P. J.  A single question is raised by this case—can a deputy sheriff hold an inquisition upon real estate levied under a fieri facias?

The forty-fourth section of the act of 16th June, 1836, authorizing the levy, makes it the duty of the sheriff "to summon an inquest for the purpose of ascertaining whether the rents and profits of such estate, beyond all reprises, will be sufficient to satisfy, within seven years, the judgment upon which such execution was issued, with the interest and costs of suit; and he shall further make a return, in due form of law, of the inquisition so taken, to the court, with the writ.

In Conniff *v.* Doyle, 8 Phila. 633, it was said that when a writ of fieri facias was placed in the hands of the sheriff, it was his duty to follow the directions of the statute in all that relates to its execution; that there was no middle ground; that he must carry out the law, otherwise there would be no validity in his acts. This proposition is altogether correct; but, still, there is a multitude of duties connected with the office of sheriff, which can as well be discharged by a deputy as by a sheriff himself. The distinction may be stated thus: All acts of a sheriff involving the exercise of judgment and discretion, are judicial in their character, and cannot be deputed to another.

We are not now sitting to inquire how long the usages about the sheriff's office pertaining to inquisitions have been in existence, nor is it material how many sheriffs have conformed to them: we are here to determine whether this particular inquisition must stand or fall. What, then, were the facts connected with the taking of it? Mr. Louder, the deputy sheriff, deposes that he held the inquisition; that the sheriff was not present, but was at his residence, sick in bed; that the jury were sworn by a justice of the peace; and that, after they were discharged, he took this, together with other inquisitions likewise held by him, to the sheriff, who thereupon attached his signature to them severally. This was dispatching business certainly; but it was in a way not warranted by the law. The holding of an inquisition upon real estate levied under a fieri facias, is a judicial act, requiring judgment and discretion. The sheriff must, therefore, perform it himself: it cannot be done by his deputy.

In the case of the Pennsylvania R. R. Co. *v.* Heister, 8 Barr 445, where damages consequent upon the building of the railroad were to be

assessed, it was held that,. under an act which directs a precept to be issued to the sheriff, commanding him to summon a jury, it was irregular for the sheriff to select a jury from a list of names prepared by his deputy. And in McMullin *v.* Orr, 8 Phila. 342, it was also held that the selection of a jury by the sheriff in a proceeding to obtain possession before two aldermen, was a judicial act, which could not be performed by a deputy.

Again, in Davis' Estate, 1 Luz. Leg. Reg. 389, this language was used : " The orphans' court looks to a compliance with her decrees strictly in matters pertaining to the distribution of the estates of decedents ; and hence any delegation of powers material in the discharge of the functions of the sheriff and the jury, who alone are contemplated in the precept, is unauthorized, and will not be sanctioned by the court.

Inquisition set aside.

*Geo. B. Kulp*, Esq., for exceptions ; *D. R. Randall*, Esq., and *W. W. Lathrop*, Esq., *contra.*